## Richmond

J. Murphy Thompson, Et Al. v. Shaw Real Estate, Inc., Et Al.

April 27, 1970.

Record No. 7121.

Present, All the Justices.

*Joseph A. Billingsley, Jr.*, for plaintiffs in error.

*Robert A. McGinnis*, for defendants in error.

Gordon, J., delivered the opinion of the court.

Under a contract dated November 4, 1966, J. Murphy Thompson, Newell Thompson and Earl Thompson ("Thompson") agreed to sell for $300,000, and Homer A. Bacas, Trustee ("Bacas") agreed to buy, a 420-acre tract of land in King George County. Bacas's obligation to buy was conditioned upon the conveyance of good title to the property free from objections, as set forth in the paragraph of the contract headed "Title".[1]

---

[1] "Title. The property is sold free of encumbrance except as aforesaid [no exception was set forth]: title is to be good of record and in fact, fully insurable by a title company of purchaser's selection, and merchantable; the property covered by this contract shall be subject to no easements, covenants, conditions, or restrictions, recorded or unrecorded as could, in Purchaser's judgment, in any manner whatsoever affect or interfere with the development and/or use of the same under existing zoning and applicable building regulations; otherwise the deposit is to be returned

The contract called for settlement by March 14, 1967, but at Bacas's request Thompson extended the settlement date to June 12, 1967. Pursuant to the contract Bacas deposited $10,000 earnest money with the real estate agent, Shaw Real Estate, Inc. ("Shaw"), and under the extension agreement he agreed to deposit an additional $5,000 earnest money with Shaw. The parties agreed that if Bacas defaulted under the contract he would forfeit all right to the earnest money, $10,000 of which would be paid to Thompson and the remaining $5,000 to Shaw.

By letter from Bacas to Shaw dated July 31, 1967, more than six weeks after the extended settlement date, Bacas advised that he was declaring the contract void and demanding the return of all earnest money. Bacas contended that Thompson could not comply with the Title paragraph of the contract because of an easement across the property granted by Thompson's predecessor in title to Virginia Electric & Power Company. In August 1967 Thompson brought this action against Bacas and Shaw, seeking the recovery of $10,000.[2]

The deed granting the easement to the Power Company gives a right-of-way for the construction of a pole line for the transmission of electricity across the property along a course marked on a plat attached to the deed. The right-of-way is indicated by a line on the plat that delineates only the center line of the right-of-way, not its width.

The trial judge found that (1) before entering into the November 4, 1966 contract Bacas had "visual and actual knowledge of the power line", (2) the "dimensions and extent" of the Power Company's easement could not be ascertained from the recorded deed and plat, and (3) the easement "would seriously interfere with the proposed development and use of the property". Because the width

---

and sale declared off at the option of the Purchaser, *unless the defects are of such character that they may be remedied by legal action,* but the Seller and Agent [Shaw Real Estate, Inc.] are hereby expressly released from all liability for damages by reason of any defect in the title. *In case legal steps are necessary to perfect the title, such action must be taken promptly by the Seller at his own expense, whereupon the time herein specified for full settlement by the Purchaser will thereby be extended for the period necessary for such prompt action, but not to exceed 90 days unless Purchaser consents."* (Emphasis supplied.)

[2] The action was brought against Shaw Real Estate, Inc., Homer A. Bacas, Trustee, Homer A. Bacas, individually, and Homer A. Bacas, trading as The Bacas Company.

Thompson also prayed that the court enter a judgment declaring that the property was freed of any right of the defendants under the November 4, 1966 contract. The court entered such a declaratory judgment without objection by any party.

of the easement could not be ascertained from visual inspection or inspection of land records, the judge held that the Title paragraph of the contract relieved Bacas of his obligation to buy the property. He therefore entered judgment for Bacas.

Thompson appeals, contending that Bacas defaulted under the contract because he did not give Thompson the right, afforded under the Title paragraph of the contract, to remedy the defect in title of which Bacas complained.

Like the trial judge, Bacas's counsel recognizes that an encumbrance, such as the pole line across the property, known to Bacas before the contract was signed is not an encumbrance prohibited by the terms of the contract. *See Riner* v. *Lester*, 121 Va. 563, 93 S.E. 594 (1917); *Sachs* v. *Owings*, 121 Va. 162, 92 S.E. 997 (1917); *Jordan* v. *Eve*, 72 Va. (31 Gratt.) 1 (1878). But counsel contends that the trial judge correctly ruled that Virginia Electric & Power Company's easement was an encumbrance within the meaning of the contract because Bacas did not know when the contract was executed that the easement was of indeterminate width.

At oral argument counsel conceded that Bacas would not have objected to an easement of reasonable width, for example, a 20-foot easement. Indeed, Bacas would not have been heard to object to such an easement because his "visual and actual knowledge of the power line" put him on notice of the Power Company's right-of-way. Nevertheless, Bacas repudiated the contract without giving Thompson the right afforded under the Title paragraph, *see* n. 1 *supra*, to establish by litigation that the deed to the Power Company granted only an easement of reasonable width.

So Bacas defaulted under the contract when he declared it void without giving Thompson the chance to cure the defect in title, the indeterminate easement, of which Bacas complained. Because Bacas defaulted, Thompson is entitled to recover $10,000 of the earnest money required to be deposited under the contract and extension agreement.

In its answer Shaw admitted that Bacas had deposited $15,000 earnest money, but Bacas testified that he had deposited only $10,000. If Shaw is correct the plaintiffs should have judgment against Shaw Real Estate, Inc. for $10,000 principal amount, but if Bacas is correct the plaintiffs should have judgment against Shaw Real Estate, Inc. for $5,000 principal amount and against Homer A. Bacas for $5,000 principal amount. And in either event the plaintiffs should have judgment against Homer A. Bacas for costs and for interest

on $10,000 from a date to be fixed by the trial court, not later than the date of the judgment from which this appeal was prosecuted. We remand the case so that the court may hear further evidence and enter an appropriate judgment or judgments.

*Reversed and remanded.*